In the Matter of the Claims of the INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK et al., Respondents, against ADRIAN MCCARTHY et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer, Adrian McCarthy, and the Merchants Mutual Casualty Company, carrier, from a deci-

sion of the State Industrial Board, dated January 20, 1944, and from an award of the State Industrial Board, dated April 20, 1944, affirming an award against the employer-appellant or his carrier, and a like award against the employer-appellant individually. An award was made against the employer or the carrier as follows: $500 to be paid to the order of the Industrial Commissioner, "Special Fund", under subdivision 8 of section 15 of the Workmen's Compensation Law; $500 to be paid to the "Vocational Rehabilitation Fund" in accordance with subdivision 9 of section 15 of the Workmen's Compensation Law; and $1,000 to be paid, in accordance with subdivision 3 of section 25-a to the "Fund for Reopened Cases". An award was made against the employer individually for a like sum, pursuant to section 14-a of the Workmen's Compensation Law, upon the ground that the deceased employee was being employed in violation of section 131 of the Labor Law. John Siguin, a minor seventeen years of age, was employed as a waiter by Adrian McCarthy. The employer was engaged in the restaurant business at Massena, New York. On December 24, 1942, while Siguin was so employed and upon the employer's premises, he was accidently killed when a knife, held by a coemployee, punctured his heart. The coemployee was a youth and these boys were on friendly terms. They were in the habit of making friendly passes at each other, of which the employer had notice. The employer's report of injury states that the occupation of the deceased when injured was that of a waiter and that such employment was his regular occupation. The Industrial Board found that Siguin was employed in violation of sections 130 and 131 of the Labor Law and that, while engaged in the regular course of his employment, he sustained injuries from which he died almost immediately, and further found that his death was the natural result of accidental injuries which arose in the course of his employment. The evidence sustains the awards. Decision and awards affirmed, with costs to the State Industrial Board. All concur. [See *post*, p. 912.]